**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4874**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDRE BROWN, a/k/a Fat Eric,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:06-cr-00179-RDB-4)

Submitted: May 12, 2011          Decided: May 19, 2011

Before WILKINSON, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Arthur S. Cheslock, Baltimore, Maryland, for Appellant. Tonya Kelly Kowitz, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Andre Brown pled guilty to possession of a firearm in furtherance of a drug trafficking crime resulting in death, in violation of 18 U.S.C. § 924(j) (2006). The plea agreement included a stipulation of facts in which the parties agreed that had the case proceeded to trial, the Government would have proved beyond a reasonable doubt that Brown and a co-conspirator shot and killed a rival gang member in fulfillment of a murder contract offered by the leader of a narcotics-trafficking organization following a drug turf dispute. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agreed to a sentencing range of 288 to 360 months of imprisonment. The court sentenced Brown within the Guidelines range to 360 months of imprisonment.

On appeal, counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal. Counsel questions, however, whether a sufficient factual basis supported Brown's guilty plea, and whether the court properly applied the advisory guidelines in sentencing. Brown filed a pro se supplemental brief also challenging the sufficiency of the factual basis. The Government declined to file a brief.

Because Brown did not move in the district court to withdraw his guilty plea, we review his Rule 11 hearing for

2

plain error.  United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002).  To establish plain error, Brown "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights."  United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009) (reviewing unpreserved Rule 11 error).  "The decision to correct the error lies within our discretion, and we exercise that discretion only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  Id. at 343 (internal quotation marks omitted).  Our review of the record reveals no Rule 11 error. The court ensured that Brown's guilty plea was knowing and voluntary and supported by an adequate factual basis.  United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Therefore, we find no infirmity in Brown's conviction.

We review Brown's sentence under a deferential abuse-of-discretion standard.  Gall v. United States, 552 U.S. 38, 51 (2007).  The first step in this review requires us to "ensure that the district court committed no significant procedural error, such as . . . improperly calculating . . . the Guidelines range."  United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008) (internal quotation marks, citations, and alterations omitted).  We then consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances."  Gall, 552 U.S. at 51.  We presume on appeal

3

that a sentence within a properly calculated Guidelines range is reasonable.  United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

The district court properly calculated the Guidelines range, and neither party objected to the presentence report. The district court stated on the record adequate reasons for the sentence, which was within the Guidelines range of 360 months to life imprisonment.  Consequently, we conclude that Brown's sentence is reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED